**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0855-24

JMH ESTATES, LLC,

 Plaintiff-Respondent,

v.

MARCUS JETER,

 Defendant,

and

RAS INVESTMENT GROUP, LLC,

 Defendant-Appellant.

_____

   Argued May 6, 2026 – Decided May 20, 2026

   Before Judges Currier and Smith.

   On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. C-000039-21.

   Stilianos M. Cambilis argued the cause for appellant (Rajeh A. Saadeh, LLC, attorneys; Rajeh A. Saadeh and Stilianos M. Cambilis, on the briefs).

Brian Michael Dratch argued the cause for respondent (The Dratch Law Firm PC, attorneys; Brian M. Dratch, on the brief).

PER CURIAM

RAS Investment Group, LLC (RAS) appeals from the trial court's orders denying its cross-motion for specific performance of an assignment agreement with JMH Estates, LLC (JMH) and compelling RAS to return JMH's deposit. For the reasons which follow, we affirm.

I.

On July 30, 2020, defendant Marcus Jeter executed a contract ("Contract") with NJ RE Investments, LLC to sell his condominium unit ("Property"). On September 9, 2020, NJ RE Investments, LLC assigned its interest in the Contract to RAS in exchange for $10,000. Later that day, RAS assigned its interest in the Contract to JMH in exchange for $11,500 ("assignment agreement"). In connection with the assignment agreement, JMH deposited $11,500 into escrow. Thereafter, Jeter became uncooperative, delaying the sale of the Property and completion of the Contract. JMH moved for specific performance of the Contract on March 8, 2021.

Unbeknownst to JMH and RAS, Jeter was the defendant in a separate civil action filed on September 23, 2020. On December 2, 2021, judgment was

2

entered against him in that action for $522,117.49. The plaintiff in that civil action eventually obtained an Order Compelling Sale of the Property to satisfy the judgment on July 22, 2022. As a result, title to the Property was clouded and the Contract could no longer be fulfilled. Before this was discovered, RAS moved for specific performance of the assignment agreement to obtain JMH's deposit. The trial court granted the motion and issued an order compelling specific performance on December 7, 2021. Three days later, the trial court vacated that order.

Upon learning that the Property had been sold subject to the July 2022 court order, JMH moved to compel RAS to return its $11,500 deposit. RAS cross-moved to compel specific performance of the assignment agreement and deny JMH's motion. The trial court granted JMH's motion seeking return of the deposit, and denied RAS's cross-motion, finding that the Contract could no longer be fulfilled and RAS could no longer provide good and marketable title pursuant to its assignment agreement with JMH. RAS appealed.

Mindful that the questions of specific performance and return of the deposit present "mixed questions of law and fact," we nonetheless review the trial court's legal determinations de novo. D.T. v. Archdiocese of Phila., 260 N.J. 27, 41 (2025). Deference given to the trial court's factual findings is limited

to determining whether "those findings are supported by substantial, credible evidence in the record." Ibid. (quoting Rippon v. Smigel, 449 N.J. Super. 344, 358 (App. Div. 2017)).

II.

RAS argues the trial court's November 22, 2024 orders denying its cross-motion for specific performance of the assignment agreement and compelling return of JMS's $11,500 held in escrow are error. RAS contends that the assignment agreement is valid and enforceable, and the trial court's vacation of its December 7, 2021 order had no basis in law or fact.

We consider the relevant law.

"[C]ourts cannot make contracts for parties. They can only enforce the contracts which the parties themselves have made." McMahon v. City of Newark, 195 N.J. 526, 545 (2008) (quoting Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960)). "[W]hen the terms of [a] contract are clear, it is the function of a court to enforce it as written and not to make a better contract for either of the parties . . . ." Id. at 545-46 (second alteration in original) (quoting Kampf, 33 N.J. at 43); see also Lahoud v. Anthony & Sylvan Corp., 481 N.J. Super. 29, 47 (2025). When the parties include agreed upon remedies in the event the

agreement is breached, they must abide by the remedies bargained for. State v. Int'l Fed'n of Pro. & Tech. Eng'rs, Local 195, 169 N.J. 505, 520 (2001).

Paragraph four of the assignment agreement between RAS and JMH stated, "[a]t settlement of the Contract, [JMH] shall have good and marketable title to the Property." Paragraph five outlined JMH's obligation to pay RAS $11,500 for its right to purchase the Property pursuant to the Contract with Jeter. Paragraph nine expressly stated that the sole contingency in the assignment agreement is triggered if JMH "cannot be provided with good and marketable title to the Property." Paragraph nine also stated that RAS was obligated to correct title defects, subject to a cap of $500. If the cost to correct the defects exceeded $500, either JMH or RAS could elect to unilaterally cancel the agreement.

The trial court found RAS was unable to deliver good and marketable title to the Property. It stated:

> It is undisputed that the contract could not be fulfilled, the contract for the purchase of the [Property], because the seller Marcus Jeter had a judgment against him that was filed against the property and, in fact, foreclosed upon and so the property became unavailable for sale.
>
> The [c]ourt finds that there is no question that the [p]laintiff JMH Estates, LLC did not receive good title to this property. There is no question that this closing did not take place and there is no question that the

A-0855-24

> [p]laintiff JMH Estates, LLC is entitled to its deposit
> back. [RAS] argues that [JMH] should have acted more
> quickly, should have acted by way of Order to Show
> Cause, and makes numerous speculative arguments
> about what would have happened if certain actions were
> taken by the plaintiff. The [c]ourt does not find any
> merit to those arguments . . . .

The trial court then properly declined to compel the release of a cash deposit to RAS for property that was no longer available for sale. After our review of the record, we agree with the trial court's straightforward analysis. Paragraph nine of the assignment agreement explains clearly what the parties' recourse shall be in the event RAS could not provide good and marketable title. Without an agreement from both parties on how to correct this defect, JMH was within its rights to cancel the contract and recover its $11,500 deposit.

Finally, citing no precedent to support its proposition, RAS contends that JMH owed RAS a duty to act promptly to protect the Property's title. Even if JMH owed such a duty, RAS presented no evidence that JMH affirmatively breached such a duty. To the extent we have not specifically addressed any other contentions raised by RAS, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

6